E-FILED
Wednesday, 29 February, 2012  10:13:51 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STACIA GALVIN-STOEFF, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ST. JOHN'S HOSPITAL OF THE ) <br> HOSPITAL SISTERS OF THE THIRD ) <br> ORDER OF ST. FRANCIS, d/b/a ) <br> ST. JOHN'S HOSPITAL, and HOSPITAL ) <br> SISTERS HEALTH SYSTEM, d/b/a ) <br> ST. JOHN'S HOSPITAL, ) <br> ) <br> Defendant. ) | No. 11-cv-3423 |

## ORDER

RICHARD MILLS, U.S. District Judge:

For the following reasons, Defendant Hospital Sisters Health System's Motion to Dismiss [d/e 6] is ALLOWED.

I.

On November 17, 2011, Plaintiff Stacia Galvin-Stoeff filed a Complaint [d/e 1] against St. John's Hospital of the Hospital Sisters of St. Francis, doing business as St. John's Hospital, and Hospital Sisters Health System, doing business as St. John's Hospital.

The Plaintiff raised the following claims against both Defendants in the Compliant: (1) gender discrimination (Title VII), (2) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), and (3) retaliatory discharge in connection to Plaintiff seeking workers' compensation benefits.

In the Complaint, the Plaintiff stated the following:

> Within the time prescribed by 42 U.S.C. § 2000e-5, Plaintiff did cause to have filed with the EEOC a charge of violation against Defendants. Plaintiff has initiated this proceeding within 90 days of receiving the Right to Sue Notice from the EEOC. A copy of said letter is attached as Exhibit 1.

Complaint [d/e 1], ¶ 20; *see also* ¶ 6. However, a copy of the right to sue letter was not attached to the Complaint, and cannot be found on the Docket Sheet.

On January 23, 2012, Defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Joseph ("St. John's Hospital") filed its Answer to Complaint and Affirmative Defenses [d/e 3] and Certificate of Interest [d/e 4]. The Certificate of Interest [d/e 4] states that Hospital Sisters Health System ("HSHS") is the parent company of St. John's Hospital.

Defendant HSHS filed the following documents on January 23, 2012: a Motion to Dismiss [d/e 6], a Memorandum in Support [d/e 7], and a Certificate of Interest [d/e 8].

The Plaintiff has not responded to the Motion to Dismiss.

## II.

For a complaint to survive a motion to dismiss under Rule 12(b)(6) it "must contain 'enough facts to state a claim for relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief beyond the speculative level." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

III.

Defendant HSHS argues that dismissal is warranted because (1) the Plaintiff failed to exhaust its administrative remedies by failing to include it as a respondent before the Equal Employment Opportunity Commission ("EEOC"), and (2) the Plaintiff cannot sustain her retaliatory discharge claim, because the Plaintiff was an employee of St. John's Hospital, not HSHS—the parent company.

A.

According to Defendant HSHS, the Plaintiff's charge of discrimination before the EEOC was leveled only at St. John's Hospital, and the EEOC issued a right to sue letter only as to St. John's Hospital. *See* Memorandum [d/e 7], page 1-2. The Plaintiff has not challenged this assertion.

In order to pursue a Title VII or ADA action in a district court, a party must first exhaust his or her administrative remedies with the EEOC by filing a charge of discrimination. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). In general, if a party not named as a respondent in a charge of discrimination before the EEOC

may not be sued in a Title VII or ADA action.  *See Tamayo*, 526 F.3d at 1089; *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126-27 (7th Cir. 1989); *Lyons v. Commonwealth Edison*, No. 06 C 4339, 2008 WL 4686153, at *2 (N.D. Ill. May 5, 2008).

However, there is an exception.  An action may proceed if the party not named in the charge of discrimination had been provided with "adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in a conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). The Plaintiff has not argued that this exception applies in this case, and has not responded in any way to the Motion to Dismiss.

In this case, it is apparent from the Certificates of Interest on file that St. John's Hospital (not the parent company—Hospital Sisters Health System) was the sole entity listed in the EEOC charge of discrimination and the EEOC's right to sue letter.  Therefore, the Court concludes that the Plaintiff failed to exhaust her administrative remedies

5

against Defendant HSHS, and, as a result, Counts I and II against Defendant HSHS must be dismissed.

B.

The Plaintiff's retaliatory discharge claim must also be dismissed. The Plaintiff has alleged that she was an employee of St. John's Hospital. *See* Complaint [d/e 1], ¶¶ 1, 24-25. Defendant HSHS is the parent company of St. John's Hospital, and the Plaintiff has not adequately alleged that she is an employee of HSHS. The two Defendants are separate legal entities, and parent companies generally are not liable for the acts of their subsidiaries. *See United States v. Bestfoods*, 524 U.S. 51, 61-62 (1998). Accordingly, Count III against Defendant HSHS must be dismissed.

IV.

*Ergo*, the Motion to Dismiss [d/e 6] filed by Defendant Hospital Sisters Health System is ALLOWED. Counts I, II, and III against Defendant Hospital Sisters Health System are hereby dismissed, and Defendant Hospital Sisters Health System is terminated as a party in this case. The Court notes that Counts I, II, and III against Defendant St.

John's Hospital are still pending, and an Answer [d/e 3] has been filed. This matter is referred to U.S. Magistrate Judge Byron G. Cudmore for a scheduling conference.

    IT IS SO ORDERED.

    ENTER: February 28, 2012

    FOR THE COURT:              */s/ Richard Mills*
                                              Richard Mills
                                       United States District Judge